IN THE UNITED STATES BAKRUPTCY COURT
NORHTERN DISTRICT OF OHIO
EASTERN DIVISION
CANTON, OHIO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 12-62878-rk |
| | : | |
| David R. Sharrock | : | CHAPTER 7 |
| AKA D&D Rentals | : | |
| AKA Equity Lenders | : | BANKRUPTCY JUDGE |
| Debtors. | : | RUSS KENDIG |
| | : | |

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

Anthony J. DeGirolamo., the Trustee in the above-captioned case ("Trustee"), hereby submits this Motion, pursuant to sections 363(b) and (e) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order authorizing the Trustee to sell real property of the Debtor, free and clear of all liens, claims, encumbrances, and interests, at auction.

In support of this Motion, the Trustee represents as follows:

**I. BACKGROUND**

1. On October 23, 2012, David R. Sharrock, aka D&D Rentals and aka Equity Lenders ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, Anthony J. DeGirolamo was appointed the Chapter 7 Trustee.

1

2. Prior to the commencement of this bankruptcy proceeding, the Debtor operated multiple separate parcels of real property located throughout north-central Ohio, that serve as commercial and residential rental properties.

3. The Debtor was the owner, in whole or in part, of a number of limited liability companies, including a company named D.R.L. Properties Trust LLC ("DRL").

4. On March 5, 2013 the Court entered an order granting the Trustee's Motion for Substantive Consolidation. The effect of that entry was to consolidate into the bankruptcy estate all of the assets of the various limited liability companies in which the Debtor had an interest, including DRL.

5. On September 16, 2013, the Court entered a subsequent order adding the subject property to the estate (Docket No. 229).

6. The Property that the Trustee seeks to sell is located at 74 Stewart Ave., Mansfield, Ohio (Richland County Permanent Parcel No. 270-208-312-000), (the "Property"), The legal description for the Property is as follows:

> Situated in the City of Mansfield, County of Richland and State of Ohio:
> Being Lot 6208 of the consecutively numbered lots in said City, as shown at Volume 8, page 33 of Richland County Records.

7. DRL is the record owner of Property and was the record owner when the petition was filed.

8. Nearly a year after the petition was filed, after the Court entered the Substantive Consolidation order and after the Court added the Property to the estate, the Debtor attempted to enter two contracts with an individual named Tinzesta McGee pertaining to the Property.

9. One is the purported lease agreement ("Lease") attached hereto as Exhibit "A".

10. The second contract is the purported "Rent with Option to Buy" agreement ("Rent to Own Agreement") attached as Exhibit "B".

11. Neither the Lease nor the Rent to Own Agreement creates a valid interest in the Property.

## II. TERMS OF ACQUISITION

12. The Trustee proposes to auction the Property to the highest bidder at an auction, or, at his discretion after consultation with his broker and auctioneer, at a private sale, pursuant to the same sales procedures approved by the Court by entry dated March 6, 2013 (Docket No. 117).

13. The Trustee proposes that the Purchaser will, in consideration for the purchase of the Debtor's Property pay the purchase price in cash on the Closing Date.

## III. POTENTIAL CLAIMS AND INTERESTS

14. Tinzesta McGee may claim an interest in the Property through the agreements identified above. However, those agreements are invalid as the Debtor had no authority to enter them, and the agreements do not comply with the formalities required by law.

15. While the Debtor is indebted to certain secured lenders and taxing authorities none of those entities have any security interest in the Property. If there are any secured parties that the Debtor has not identified in the petition, or which are otherwise not known to the Trustee (hereinafter the "Lenders"), then pursuant to section 363(f)(2) of the Bankruptcy Code, the Trustee can sell the Property free and clear of the Lenders' liens if the Lenders consent.

16. Alternatively, the Trustee may sell the Property without the consent of the Lenders so long as another subsection of section 363(f) of the Bankruptcy Code is met. In this

3

instance, the proposed sale may be approved under section 363(f)(1) and (5) so long the Lenders receive the value of their interest in the Property. That value may be measured by the purchase price. The price offered is the highest price for the assets and fixes the value of the Lenders' interest in the assets. Therefore, through the sale, the Lenders would receive the value of their interest in the Property.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto as Exhibit C: (a) authorizing the Trustee to sell the Property free and clear of liens, encumbrances and interests to the Purchaser; (b) that any subsequently identified Lenders be paid at closing and the remaining proceeds be paid to the Trustee; and (c) granting the Trustee such other and further relief as the Court deems appropriate.

/s/Jack B. Cooper_____
Jack B. Cooper (0069321)
DAY KETTERER, LTD.
Millennium Centre-Suite 300
200 Market Avenue North
P.O. Box 24213
Canton, Ohio 44701-4213
Telephone (330) 355-0173
Facsimile (330) 455-2633
Email: jbcooper@dayketterer.com
Attorney for Anthony J. DeGirolamo,
Chapter 7 Trustee

### CERTIFICATE OF SERVICE

This will certify that the foregoing Motion was electronically transmitted on or about January 23, 2014 via the Court's CM/ECF system to the following who are listed on the Court's

Electronic Mail Notice List. In addition, those parties not noticed electronically were served by regular U.S. Mail on January 23, 2014.

**ELECTRONIC NOTICE:**

Amy M Blythe on behalf of Creditor Sutton Bank
bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

Amy M. Blythe on behalf of Creditor Sutton Bank
bankruptcy@carlisle-law.com

James H. Cannon on behalf of Creditor JPMorgan Chase Bank, N.A.
jcannon@barrenmerrylaw.com

Jack B Cooper on behalf of Trustee Anthony J. DeGirolamo, Trustee - Mansfield
jbcooper@dayketterer.com

Robert H Cyperski, Aty on behalf of Creditor Pastor Louis Blevins Latterrain Church of God in Christ, Jr.
rcyperski@sbcglobal.net

Anthony J. DeGirolamo, Trustee - Mansfield
ajdlaw@sbcglobal.net, ad@trustesolutions.com;amber_weaver@sbcglobal.net;AD07@trustesolutions.net

Scott D. Fink on behalf of Creditor Champaign Bank successor by merger to The Citizens Banking Company
bronationalecf@weltman.com

M. Colette Gibbons on behalf of Interested Party Doris A Sharrock
Colette.Gibbons@icemiller.com, Victoria.Powers@icemiller.com;Carol.Builder@icemiller.com;Susan.Browdy@icemiller.com

Andrew M. Kvochick on behalf of Creditor M.P.W. Trust LLC
akvochick@whkmansfield.com

Deborah L Mack on behalf of Interested Party Marcia Coey
debbie@attymack.com, ndohecfmack@gmail.com

Thomas R Merry on behalf of Creditor JPMorgan Chase Bank, N.A.

tmerry@barrenmerrylaw.com

John A Polinko on behalf of Debtor David R. Sharrock
jpolinko@mcdonaldhopkins.com, jpolinko@logs.com;bkfilings@mcdonaldhopkins.com;kwalsh@mcdonaldhopkins.com;mgupta@mcdonaldhopkins.com

Lawrence G. Reinhold on behalf of Creditor FIA Card Services, N.A.
lreinhold1@neo.rr.com, lawrencer@w-legal.com;advnotices@w-legal.com

Phillip D Schandel on behalf of Creditor First Federal Bank of Ohio
pds@schandel-bergertlaw.com, p_schandel@yahoo.com

Robert B Trattner on behalf of Creditor PNC Bank, National Association
rtrattner@ttmlaw.com, rbtlaw2003@yahoo.com

James R. White on behalf of Creditor Ed Weirs
jamesrwhite@fkwdlaw.com, dzarbaugh@fkwdlaw.com

James R. White on behalf of Creditor Grace Wiers
jamesrwhite@fkwdlaw.com, dzarbaugh@fkwdlaw.com

Amy Good ust08 on behalf of Plaintiff United States Trustee
amy.l.good@usdoj.gov

Amy Good ust08 on behalf of U.S. Trustee United States Trustee
amy.l.good@usdoj.gov

**NOTICE BY REGULAR U.S. MAIL SERVICE:**

David Sharrock
993 Lexington Avenue
P.O. Box 3737
Mansfield, Ohio 44907

Mack B. Price
8775 SW 211th Cir.
Dunnellon, FL 34431

Matthew and Holly Cole
74 Stewart Ave.

Mansfield, OH 44906-3233

James and Kimberly Blevins
575 Beer Road
Mansfield,  OH 44906-1214

Tinzesta McGee
74 Stewart Ave.
Mansfield, OH 44906

Richland County Treasurer
50 Park Ave E,
Mansfield, OH 44902

                                            */s/ Jack B. Cooper*
                                            Jack B. Cooper (0069321)

**EXHIBIT A**



# Herman Properties

P.O. Box 3524
Mansfield, Ohio 44907
Call Dave 419-543-3094

Lease for **74 STEWART**

This lease made at **9-27-13**, **MANSFIELD** Ohio **27** (day) **9** (month) **13** (year) by and between **TINZETA MCGEE** (hereinafter Landlord) **DAVID SHARROCK** (tenants).

## I. Description and Terms

Landlord, in consideration of the rents to be paid and agreement to be performed by Tenant, hereby leases to tenant premises at **74 STEWART** (address). The said lease is for YEAR TO YEAR commencing on the **10-1-13** (day/month/year) and ending on **10-1-14** (day/month/year).

Tenant shall pay Landlord $ **475** (monthly total), commencing on **1** (day). Our office accepts cash, checks, or money orders, but we accept them at the office. We will not come to your rental unit to collect rent. Rent sent through the mail must be clearly marked with name, amount & property address. If rent is not paid with in five (5) days after due date there will be a late charge of **$50.00 a month.** This includes mailed in rent, rent must be in our office before the 5th day or it will be considered late.

Tenant agrees that said premises are rented to and will be occupied by _____ (number) person(s) and for residence purpose only. Tenant(s) shall use said premises only as a dwelling and NO OTHER PURPOSE. No trade, business or occupation shall be carried on therein.

List names of ALL persons to occupy the residence

_____

## II. Security Deposit

Tenant agrees to deposit with the Landlord the sum of **475** to secure the full and faithful performance by the Tenant of all terms and agreements contained in this lease. Further, the security deposit shall be held by Landlord as security for the payment of all rents and other amount due from Tenant to Landlord and damages caused to said premises by Tenant, his/her family, and/or guests. Tenant understands that the security deposit can not be applied as monthly rent or any other amount due from Tenant to Landlord, and that the monthly rent will be paid each month, including the last month. To receive the deposit back Tenant must give at least 30-DAY WRITTEN NOTICE, return keys, and leave premises in good condition. All damages and all other monies due by Tenant to Landlord will be take out of said deposit. Tenant must furnish forwarding address.

I have read this page, I understand and I agree to abide by this page.

_Tinzeta McGee_  9-27-13     _____
Applicant signature         Date         Co-Applicant signature

                                          _[signature]_

**EXHIBIT B**

9



# Herman Properties

P.O. Box 3524

Mansfield, Ohio 44907

Call Dave 419-543-3094

## Rent with Option to Buy

Be it known, that this is a Rental Option Agreement, dated 9-25-13 between, DAVID SHARROCK Owner, and TINBESTA MCOY Renter(s).

This is a Rent with Option to Buy. Terms and Conditions of this agreement:

1. The total purchase price shall be $ $45,000 good for one year from the signing of this agreement with the full amount payable at that time. Monthly payments will be $ 475

2. The Buyer/Renter will receive a $ 200 per month credit toward the purchase price of the house providing he or she meets the following requirements:

    A. Pays rent on or before due date
    B. Takes care of all maintenance on the property.
    C. Renter must secure his/her own conventional financing within the terms of this agreement or renter will forfeit his/her credit built up.
    D. By written agreement option may continue for second year.

3. Property has been inspected by renter/buyer and is being accepted on "as is" condition. It is also understood that owner makes no express guarantees as to function of building structure and other electrical, plumbing, heating, or well/septic systems.

The maximum credit allowance will be $ 2,400 and he price of the house increases 10% each additional year, if renter fails to exercise their option. The renters credit does not increase $ ___ each additional year. The maximum credit is $ 2,400 to be used only if buying the house. If renter moved or does not make his/her payments on time or violates his/her rental agreement, he/she will lose the accumulated credit and this agreement is no longer valid- Renter understands that they will receive nothing, and will be evicted from the property. AS IS CONDITION WITH NO WARRANTIES OR GUARANTEES

[signature]

**EXHIBIT C**

10

# IN THE UNITED STATES BAKRUPTCY COURT
## NORHTERN DISTRICT OF OHIO
## EASTERN DIVISION
## CANTON, OHIO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 12-62878-rk |
| | : | |
| David R. Sharrock | : | CHAPTER 7 |
| AKA D&D Rentals | : | |
| AKA Equity Lenders | : | BANKRUPTCY JUDGE |
| Debtors. | : | RUSS KENDIG |
| | : | |

**ORDER AUTHORIZING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**

Before the Court is the motion of Anthony J. DeGirolamo, Trustee, for an order authorizing the Trustee to sell real property of the estate located at 74 Stewart Ave., Mansfield Ohio (the "Property") pursuant to §363(b) of the Bankruptcy Code. Based upon the representations contained in the motion and the record in this case, the Court hereby finds and determines that:

11

1. The Court has jurisdiction over the instant case and the motion pursuant to 28 U.S.C. §1334, venue in the Court is proper pursuant to 28 U.S.C. §§1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Good and sufficient cause has been shown to approve the motion of the Trustee to sell the Property at auction or at private sale, at the Trustee's discretion after consulting with his broker and auctioneer. The purchaser will pay the sale price at a one-time lump sum payment at the closing of the sale.

3. A reasonable opportunity to object or to be heard with respect to the sale motion and the relief requested therein has been afforded to all interested parties and entities, including (i) counsel for a debtor; (ii) the office of the United States Trustee; (iii) all entities known to have asserted any lien, claim, encumbrance, alleged interest in or with respect to the Property; and (iv) all other entities that have filed request for notices pursuant to Bankruptcy Rule 2002.

4. The sale of the property to the under the terms of this Order will be a legal, valid, and affected transfer, and will vest in the successful bidder at auction (the "Purchaser") all rights, title, and interest of the debt or in the property, free and clear of all interests, including, but not limited to, those (i) that purport to give any party a right or option to consummate in the future, any sale, contingent sale, title retention agreement or lease relating to the property (or a right or option to terminate the debtor's or purchaser's rights therein), or any similar rights, and (ii) relating to tax rising under or out of, in connection with, or in any way relating to the property prior to the date (the "Closing Date") of the consummation of the sale (the "Closing").

5. The Trustee may sell the property free and clear of all interests of any kind or nature whatsoever because one or more of the standards set forth in §363(f) of the Bankruptcy Code has been satisfied. The holders of interests and non-debtor parties who did not object, or

12

who withdrew their objections, to the sale or the sale motion are deemed to have consented pursuant to §363(f)(2) of the Bankruptcy Code. Those holders of interests fall also within one or more of the other subsections of §363(f) of the Bankruptcy Code and are adequately protected by having their interest, if any, attached to the proceeds of the sale ultimately attributable to the property against or in which they claim or may claim an interest.

      6. Approval and consummation of the sale at this time is in the best interest of the debtors, their creditors, their estates and other parties in interest.

      7. The Purchaser would not consummate the transactions contemplated by the sale, thus adversely affecting the debtor, his estate, and his creditors, if the sale of the property was not free and clear of all interest of any kind or nature whatsoever, or if the purchaser would, or in the future could, be liable for any such interest and if the transfer could not be made under §363 of the Bankruptcy Code.

NOW, therefore, based upon the foregoing findings of fact it is hereby ORDERED, ADJUDGED, AND DECREED, effectively immediately that:

1. The sale motion shall be, and hereby is, granted as further described herein.
2. Defined terms not otherwise defined in this Order shall have the meanings given them in the motion.
3. All objections to the sale motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.
4. Any party that received notice of the sale motion and did not object shall be deemed to consent to the relief requested therein and ordered hereby.

13

5. The Trustee is hereby authorized to sell the Property to the sales procedures set forth in this Court's March 6, 2013 judgment entry (Docket No.117) and to enter into a purchase agreement and other reasonably related documents, to carry out that transaction. The Trustee is further authorized to take all actions and execute all documents that may be necessary to consummate the sale or effect the transactions referenced in or otherwise contemplated herein. The Trustee is further authorized to take such actions that may be requested by the Purchaser for the purpose of a signing, transferring, granting, and conveying to the Purchaser or reducing to possession, the property, or as may be necessary or appropriate to the performance of the obligations occurred in connection with that transfer.

6. All of the Debtor's interest in the Property shall be, as of the closing date, transferred to and vested in the Purchaser.

###

PREPARED BY:

*/s/Jack B. Cooper*  
Jack B. Cooper (0069321)  
DAY KETTERER, LTD.  
Millennium Centre-Suite 300  
200 Market Avenue North  
P.O. Box 24213  
Canton, Ohio 44701-4213  
Telephone (330) 355-0173  
Facsimile (330) 455-2633  
Email: jbcooper@dayketterer.com  
Attorney for Plaintiff Anthony J. DeGirolamo,  
Chapter 7 Trustee  
z:\jbc\bankruptcy\forms\motion to sell.docx[1/23/14:jbc]